IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Case No. 4:24-cv-163

| | |
|---|---|
| BRITTANY CARTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MRBEASTYOUTUBE, LLC, ) <br> ) <br> Defendant. ) | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Brittany Carter ("Ms. Carter"), complaining of Defendant MrBeastYouTube, LLC. ("Defendant"), alleges and says the following:

1. This is an action seeking to recover unpaid wages, overtime, compensatory damages, liquidated damages, and attorney's fees from Defendant for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq.*

## PARTIES

2. Ms. Carter is a resident of Puyallup, Washington and is neither a minor nor incompetent.

3. At all times relevant to this Complaint, Ms. Carter was an employee of Defendant and performed work for Defendant at its primary place of business in in Greenville, North Carolina.

4. Defendant is a limited liability company organized and operating under the laws of the State of North Carolina with its principal office located in Greenville, North Carolina.

5. At all times relevant to this Complaint, Defendant was an employer of Ms. Carter within the meaning of 29 U.S.C. § 203(d).

1

6. At all times relevant to this Complaint, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r).

7. At all times relevant to this Complaint, Defendant has been an enterprise engaged in commerce in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## JURISDICTION

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337, 28 U.S.C. § 1331, 29 U.S.C. § 216(b), and 28 U.S.C. § 1367.

10. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

11. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of North Carolina.

12. Venue is proper pursuant to 28 U.S.C. § 1391 as to Defendant because Defendant conducts business in this judicial district. Venue is also proper because this district is where a substantial part of the events giving rise to the claims occurred.

## FACTS

13. On or about July 19, 2022, Ms. Carter began work for Defendant as a Producer for the company.

14. Ms. Carter relocated from California to Greenville, North Carolina to work for Defendant.

15. At the outset of her employment with Defendant, Ms. Carter executed an "Independent Contractor Services Agreement" dated July 19, 2022 (hereinafter the "Agreement").

16. As part of her compensation from Defendant, the company provided Ms. Carter with an apartment through its "Housing Liaison."

17. Ms. Carter was paid $10,000 per month on a bi-monthly basis.

18. According to the Agreement, Ms. Carter was not to receive "employee benefits of any kind or nature."

19. Further, according to the Agreement, Ms. Carter was "not restricted from working for, or providing services to, any other third parties unless such work or services would prohibit [her] from fully performing the services contemplated under this Agreement."

20. The Agreement also stated that Ms. Carter "will not be expressly or impliedly hold [herself] out to any third party as an agent of [Defendant]."

21. Upon Ms. Carter's commencement of work with Defendant, Defendant provided her with an "Employee Handbook."

22. Upon information and belief, Ms. Carter signed and returned a copy of the Employee Handbook to Defendant.

23. The Employee Handbook contained a six-page chapter titled "BENEFITS" and set out the Defendant's policies for benefits such as vacation leave, sick leave, and paid holidays.

24. The Employee Handbook also contained a section titled "PERFORMANCE STANDARDS," which "govern[ed] conduct and employees are required to obey."

25. One such Performance Standard specifically addressed employee "Attendance and Tardiness," instructing employees to "be punctual in reporting for work."

26. Another Performance Standard prohibited employees from holding other jobs without getting consent from their supervisor.

27. Upon the commencement of her employment with Defendant, Ms. Carter was assigned an e-mail address with Defendant, britt@mrbeastyoutube.com.

28. Further, on September 9, 2022, Defendant authorized Ms. Carter to sign a non-disparagement agreement on behalf of the company.

29. Defendant required Ms. Carter, as a Producer, to be present for daily 9 a.m. meetings.

30. Defendant also instructed Ms. Carter that she could not leave work earlier than 5 p.m.

31. Defendant required Ms. Carter to promptly respond to calls and messages any time of day on all days of the week.

32. Ms. Carter did not perform managerial or administrative duties for Defendant.

33. Ms. Carter did not have authority to hire employees.

34. As a Producer for Defendant, Ms. Carter regularly worked hours in excess of forty hours per week.

35. In fact, she averaged approximately 70 to 75 hours per week working for Defendant.

36. Ms. Carter was not exempt from overtime pay under FLSA because she was not employed in a bona fide executive, administrative or professional capacity.

37. Defendant misclassified Ms. Carter as an independent contractor when, in fact, she was an employee under the FLSA and NCWHA.

38. Ms. Carter was required to comply with Defendant's policies and procedures.

39. Ms. Carter was supervised by employees of Defendants and was subject to discipline.

40. Ms. Carter received all assignments from Defendant and she relied on Defendant for her work assignments.

41. Defendant misclassified Ms. Carter as an independent contractor to avoid the pay requirements under the FLSA and NCWHA.

42. The work performed by Ms. Carter was integral to Defendant's business. Defendant profited directly from the work performed by Ms. Carter.

43. Defendant failed to pay an overtime premium to Ms. Carter for all hours worked over forty (40) in a workweek.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Ms. Carter hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

45. Defendant violated Ms. Carter's rights under the FLSA by failing to pay her overtime compensation for hours worked in excess of forty (40) hours for each workweek that she worked for Defendant.

46. Ms. Carter was entitled to all the rights and protections of the FLSA and Defendant's failure to pay Ms. Carter overtime was in violation of the FLSA.

47. Defendant acted willfully and with reckless disregard for Ms. Carter's rights under the FLSA.

48. Ms. Carter is entitled to back pay for all overtime hours worked during her employment with Defendant in an amount equal to one and one-half times her regular rate of pay.

49. As a result of Defendant's willful and reckless actions, Ms. Carter is entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

50. Ms. Carter is entitled to recover her attorney's fees pursuant to 29 U.S.C. 216(b).

### SECOND CAUSE OF ACTION – NC WAGE AND HOUR ACT

51. Ms. Carter hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

52. Defendant violated Ms. Carter's rights under the NCWHA by failing to pay her overtime compensation for hours worked in excess of forty (40) hours for each workweek that Ms. Carter worked.

53. Ms. Carter was entitled to all the rights and protections of the NCWHA and Defendant's failure to pay Ms. Carter was in violation of the NCWHA.

54. Defendant acted willfully and with reckless disregard for Ms. Carter's rights under the NCWHA.

55. Ms. Carter is entitled to back pay for all overtime hours worked during her employment with Defendant in an amount equal to one and one-half times her regular rate of pay.

56. As a result of Defendant's willful and reckless actions, Ms. Carter is entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

57. Ms. Carter is entitled to recover her attorney's fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

1. Judgment for Plaintiff against Defendant on all causes of action contained herein;

2. Award Plaintiff damages, including liquidated damages, in an amount to be proved at trial;

3. Tax the costs of this action against Defendant and award Plaintiff reasonable attorneys' fees and costs;

4. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

5. All other relief which this Honorable Court deems just and proper.

This the 19th day of November, 2024.

OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: /s/ JOSEPH D. BUDD
JOSEPH D. BUDD
N.C. Bar No. 44263
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733